IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| RICHARD SINCERE,<br><br>          *Plaintiff,*<br><br>   v.<br><br>BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP, ET AL.,<br>          *Defendants.* | CASE NO. 3:11-cv-00038<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court upon consideration of Plaintiff's motion to remand, which was filed on July 1, 2011 (docket no. 10). Certain Defendants previously filed a notice of removal based on diversity jurisdiction on June 3, 2011 (docket no. 1). Plaintiff now seeks to have his case remanded to the Circuit Court for the City of Charlottesville. For the reasons that follow, I will deny Plaintiff's motion.

**I. Background**

  Plaintiff Richard Sincere ("Plaintiff") filed a complaint in the Circuit Court for the City of Charlottesville on April 11, 2011, against Defendants BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP ("BAC"),[1] ReconTrust Company, N.A. ("ReconTrust"), ALG Trustee, L.L.C. ("ALG"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"). The factual allegations of the complaint, which at this stage the Court must accept as true, are as follows.

---

[1] On July 1, 2011, BAC Home Loans Servicing, LP merged into Bank of America, N.A.

On May 12, 2007, Plaintiff executed a promissory note and a deed of trust as security interest in property he was acquiring in Charlottesville, Virginia. According to the complaint, the promissory note in the amount of $198,750 names Wilmington Finance, Inc. ("Wilmington Finance") as the lender and defines the "Note Holder" as "anyone who takes the Note by transfer and who is entitled to receive payments under the Note." Compl. ¶ 14. Additionally, the deed of trust names Wilmington Finance as the lender, MERS as the beneficiary, and Millennium Title & Abstract Company, Inc. ("Millennium") as the trustee. The deed of trust provides that MERS "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." Compl. Exhibit A at 1, ¶ (E). The deed of trust also states that

> MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest [sic], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Compl. Exhibit A at 3.

Plaintiff alleges that, to create the appearance of authority to conduct a foreclosure sale, MERS executed a "Substitution of Trustee(s)" on or about March 17, 2011 in which it appointed ReconTrust and ALG as substitute trustees in place of Millennium. Plaintiff further alleges that MERS lacked the authority to substitute trustees of its own volition because MERS "is not in fact a beneficiary," and the deed of trust only states that MERS is "a separate corporation that is acting solely as a nominee for Lender." Compl. ¶¶ 17–18. According to Plaintiff, MERS cannot act as nominee for the lender because MERS may only exercise the powers of the lender when "necessary to comply with law or custom." Therefore, Plaintiff submits, MERS lacked the authority to appoint ReconTrust and ALG as substitute trustees.

Plaintiff also claims that BAC, which asserts that it is the creditor to which the debt on

the note is owed, is not a holder in due course, the proper noteholder, or an assignee of the lender.  In that vein, Plaintiff asserts that ReconTrust and ALG scheduled a foreclosure sale of his property on April 12, 2011 without performing any due diligence to ensure that "the entity invoking the power of sale under the Deed of Trust and VA Code 55-59 actually had the authority to do so." *Id.* at ¶ 25.  As such, Plaintiff maintains that ReconTrust and ALG breached a fiduciary duty owed to him.  They did so, according to Plaintiff, as part of their efforts to gain the commission from arranging the foreclosure sale.  In addition, Plaintiff contends that ReconTrust and ALG prepared the document appointing themselves as substitute trustees.

All told, Plaintiff has brought three state-law claims against Defendants.  In Count I, asserted against ReconTrust, ALG, and BAC, Plaintiff seeks a declaratory judgment that BAC "does not have any right, title, or interest in the subject Note or Deed of Trust securing the Note against the Property."  Compl. ¶ 34.  In addition, Plaintiff requests that BAC pay the costs of the action, that the Court order BAC to remove any reporting of negative information to any credit reporting agency, and that injunctive relief be granted in order to stay any unlawful detainer proceedings "until the Court is satisfied that the proper party declared a default, removed/appointed substitute trustees, accelerated the Note, and invoked the power of sale." *Id.*

In Count II, asserted against ReconTrust and ALG, Plaintiff alleges that ReconTrust and ALG, as substitute trustees, breached their fiduciary duty to Plaintiff by scheduling a foreclosure sale on Plaintiff's property despite the fact that BAC, which invoked the power of sale, is not the secured party.  Plaintiff seeks $250,000 in damages from ReconTrust and ALG for his financial losses.

In Count III, asserted against ReconTrust, ALG, BAC, and MERS, Plaintiff seeks an order (1) directing the clerk of the land records division to strike the substitution of trustee

document from the land records because it fails to comply with the deed of trust, and (2) staying any unlawful detainer proceedings.

On June 3, 2011, BAC and ReconTrust jointly filed a notice of removal to this Court, asserting that the Court has diversity jurisdiction over Plaintiff's action against Defendants. BAC and ReconTrust contend in the notice of removal that the citizenship of MERS and ALG should not be considered for the purposes of testing diversity jurisdiction because they were fraudulently joined or, alternatively, because they are nominal parties. Neither MERS nor ALG has filed a notice of removal or joined in the notice filed by BAC and ReconTrust. Presently before the Court is Plaintiff's motion to remand. In it, Plaintiff argues that MERS and ALG are citizens of Virginia and legitimate parties, that the Court lacks subject matter jurisdiction to hear the case, and that removal was improper.

## II. Legal Standards

### A. Removal Jurisdiction

As a general matter, "the defendant or the defendants" may seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To invoke federal jurisdiction, the defendants seeking removal must file a notice of removal stating the grounds for removal with the appropriate federal district court within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(a)–(b).[2] Of course, non-removing parties are entitled to oppose removal by seeking remand to state court. As one court has noted, "[t]he right to remand and the right to remove are of equal import:

---

[2] In their notice of removal, BAC and ReconTrust aver that neither received service of process prior to filing their notice of removal. Consequently, I consider their notice of removal to have been timely filed under 28 U.S.C. § 1446(b).

4

while certain plaintiffs pleading claims based on state law are entitled to air their grievances before a state tribunal, certain defendants are equally entitled to mount their defense in a federal forum." *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 594 (E.D. Va. 2005).

With that being said, I observe the central truth that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Removal statutes, in particular, must be strictly construed, inasmuch as the removal of cases from state to federal court raises significant federalism concerns." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc). Any doubts concerning removal of a case from state court should be resolved in favor of state-court jurisdiction. *Id.* at 613. Ultimately, "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

### B. Diversity Jurisdiction

Federal district courts have original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between citizens of different states. 28 U.S.C. § 1332(a). "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 2004). In the instant case, there is no dispute that the amount in controversy requirement is satisfied. Further, it is undisputed that Plaintiff is a citizen of Virginia, that BAC is a citizen of North Carolina, and that ReconTrust is a citizen of California. Plaintiff alleges that MERS is a

5

Delaware corporation that has its principal place of business in Reston, Virginia, and Defendants do not argue to the contrary.[3] Thus, the Virginia citizenship of MERS, if counted, would preclude federal court jurisdiction in this case. As to ALG, Plaintiff alleges that it is a limited liability company registered with the Virginia Corporation Commission and with its principal place of business in Leesburg, Virginia. Therefore, Plaintiff asserts, ALG is a citizen of Virginia, a fact which Defendants did not deny in their notice of removal. However, the citizenship of a limited liability company is determined by the citizenship of its members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). Plaintiff makes no allegations about the citizenship of ALG's members. Thus, although the presence of MERS as a defendant destroys diversity jurisdiction, it is unclear at this juncture whether ALG destroys diversity if it remains as a defendant.

### C. The Fraudulent Joinder Doctrine

"Fraudulent joinder" is a judicially created doctrine and a term of art; "'it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists.'" *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)). Fraudulent joinder provides an exception to the requirement of complete diversity. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *see also 17th St. Assocs.*, 373 F. Supp. 2d at 595 ("The 'fraudulent joinder' doctrine permits the exercise of jurisdiction where the citizenship of the parties dictates otherwise."). In order to establish that a nondiverse defendant has been fraudulently joined, "the

---

[3] The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," often described as the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010).

removing party must establish either: '[T]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

To be sure, "[t]he burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232–33. This standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Thus, in order to invoke the fraudulent joinder doctrine, it has been said that a defendant must "negate all possibility of recovery." *Id.* at 425. However, this "no possibility" standard is not to be applied rigidly. *See Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) ("[T]he 'no possibility' standard cannot possibly be taken literally or applied mechanically."). Instead, the court should ascertain "whether there is a reasonable basis for predicting liability based on the claims alleged." *Id.* (citation and quotation marks omitted); *see also Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (stating that the test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant"). In determining whether an attempted joinder is fraudulent, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *AIDS Counseling*, 903 F.2d

at 1004 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

### III. Discussion

#### A. MERS is a Fraudulently Joined Defendant

At the outset, I note that MERS is only named as a defendant in Count III of the complaint, Plaintiff's quiet title claim. However, I find that there is no reasonable basis to believe that Plaintiff can prevail against MERS in this regard because his claim is based on the theory, roundly rejected by other courts, that MERS is not a proper beneficiary and is without authority to appoint substitute trustees. Contrary to Plaintiff's contentions, neither the terms of the deed of trust nor Virginia Code § 55-59 barred MERS from exercising its authority to appoint ReconTrust and ALG.

1. Terms of the Deed of Trust

On the first page of the deed of trust, MERS is given two roles: it is named as beneficiary and nominee for the lender (and the lender's successors and assigns). On page three, the deed of trust states that MERS

> holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interest [sic], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Further, on page thirteen, the deed of trust provides that "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." Thus, the plain terms of the deed of trust supplied MERS with the authority to take any action required of the lender,

including foreclosing and selling the property in the event of a default as well as appointing substitute trustees to do the same. Plaintiff's signature on the deed of trust indicates that he agreed MERS had the authority to take any action required of the lender.

In a recent state court opinion considering this issue, the court sustained MERS's demurrer and stated that deeds of trust "are treated as contracts, and nothing under Virginia law appears to prohibit a lender and borrower from agreeing to allow a third party, such as MERS, to enforce the terms of a deed of trust." *Graves v. Mortgage Elec. Registration Sys., Inc.*, No. CL-2010-17101, 2011 Va. Cir. LEXIS 97, at *8 (Va. Cir. Ct. June 29, 2011); *see also* Va. Code § 55-59 ("Every deed of trust to secure debts . . . is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law."). Applying the *Graves* court's reasoning to the case at hand leads to the conclusion that MERS was authorized by the terms of the deed of trust to remove and appoint substitute trustees to foreclose on the property. This outcome is consistent with the results reached by other courts considering this particular issue with regard to deeds of trust containing identical or nearly identical language. *See, e.g.*, *Ramirez-Alvarez v. Aurora Loan Servs., LLC*, No. 1:09-cv-1306, 2010 WL 2934473, at *3 (E.D. Va. July 21, 2010) (noting that in signing the deed of trust, plaintiff "agreed that MERS, filling the dual roles of beneficiary and nominee for the lender, had the right to foreclose on the property and take any action required of the lender, such as the appointment of substitute trustees")[4]; *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 697 (E.D. Va. 2010), *aff'd* 2011 WL 3268557 (4th Cir. Aug. 1, 2011) (rejecting plaintiffs' argument that MERS lacked authority to enforce the terms of the deed and upholding MERS's right, as

---

[4] Plaintiff argues that *Ramirez-Alvarez* is distinguishable because it involved a promissory note with a blank allonge. However, Plaintiff fails to explain why this minor factual difference is significant with respect to the instant case. Moreover, the critical dispute here as it concerns MERS is with regard to the meaning of the terms in the deed of trust, not the promissory note.

nominee, to foreclose on the property); *Pazmino v. LaSalle Bank, N.A.*, No. 1:09-cv-1173, 2010 WL 2039163, at *4 (E.D. Va. May 20, 2010), *aff'd* 2011 WL 3235638 (4th Cir. July 29, 2011) (finding plaintiff's argument that MERS lacked authority to enforce the terms of the deed of trust and to foreclose on the property unavailing); *Larota-Florez v. Goldman Sachs Mortgage Co.*, 719 F. Supp. 2d 636, 639–40 (E.D. Va. 2010), *aff'd* 2011 WL 3203047 (4th Cir. July 28, 2011) (holding that the deed of trust "expressly confers authority on MERS and its successors and assigns to foreclose on the Property upon Plaintiff's default" and that MERS's assignee was entitled to appoint a substitute trustee)[5]; *Ruiz v. Samuel I. White, P.C.*, No. 1:09-cv-688, 2009 WL 4823933, at *1 (E.D. Va. Dec. 11, 2009) (dismissing a count pled against MERS because "a review of the deed of trust makes clear that MERS had the authority to appoint successor trustees"); *Portillo v. Mortgage Elec. Registration Sys., Inc.*, No. CL-2011-3457, at 1 (Fairfax County Va. Cir. Ct. Aug. 9, 2011) (finding that MERS had authority to enforce its interest in the deed of trust and could take any action required of lender); *Awan v. OneWest Bank*, No. CL-2010-6247, transcript at 13:22–14:2 (Fairfax County Va. Cir. Ct. July 30, 2010) (sustaining defendants' demurrer to two counts with prejudice "for the reasons set forth in the various federal court decisions, which [are analogous] to this situation").

Quite recently, Judge Leonie Brinkema in the Eastern District of Virginia heard an almost identical motion to remand in *Munoz v. BAC Home Servicing, LP*, No. 1:11-cv-00582 (E.D. Va. July 15, 2011). In her bench ruling denying the plaintiffs' motion to remand, Judge Brinkema

---

[5] Plaintiff also argues that *Larota-Florez* is distinguishable. In that case, the court ruled that an assignee of MERS's rights under the relevant deed of trust had the authority to substitute trustees and subsequently foreclose. 719 F. Supp. 2d at 639. Plaintiff, however, points to the fact that in the case at hand, MERS itself substituted trustees. This line of reasoning is completely unavailing; if the *Larota-Florez* court upheld the substitution of trustee by MERS's assignee, there can be no serious doubt that it would have upheld MERS doing the same itself. Additionally, Plaintiff argues that the case is distinguishable because it involved a promissory note endorsed in blank, whereas the promissory note in the case at hand is allegedly not endorsed. Not only is this distinction irrelevant in light of the reason for which Defendants cite *Larota-Florez*, but it should also be noted once again that the language being debated on this motion to remand as it concerns MERS is that contained in the deed of trust, not the promissory note.

stated during the hearing:

> [Q]uite clearly . . . [ALG and MERS] are essentially fraudulently joined to destroy diversity jurisdiction . . . if you look at the case law that's been established in the Fourth Circuit as well as . . . the cases that are coming out of the state courts, the two parties whom you have named in this case that would destroy diversity, that is, the ALG trustee and [] MERS . . . there is just no basis in the law of this circuit on which you can have any claim against those entities and, therefore, that their joinder in this case is fraudulent.

Tr. at 2:15–25 (docket no. 15); *see also* Order at docket no. 14 (denying plaintiffs' motion to remand). Judge Brinkema further recognized that "it's the lenders who are the true parties in interest and not MERS. MERS is just a pass-through . . . ." Tr. at 3:18–19. Additionally, in support of her finding that MERS and ALG had been fraudulently joined, Judge Brinkema observed that if the plaintiff's claims were found to have any merit, complete relief would be available against BAC and ReconTrust. *Id.* at 11:12–14.

Ultimately, I agree with the multitude of federal and state courts that have upheld MERS's authority to appoint substitute trustees for the purpose of foreclosure pursuant to the same or similar language in deeds of trust.[6]

2. Virginia Code § 55-59

It is further argued by Plaintiff that under § 55-59 of the Virginia Code, MERS, as the beneficiary, cannot appoint a substitute trustee to conduct the foreclosure proceedings. Subsection 55-59(9) states that "[t]he party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, shall have the right and power to appoint a substitute trustee or trustees for any reason . . . ." Va. Code. § 55-59(9). According to Plaintiff, MERS lacked the power as beneficiary to appoint a substitute trustee because it was not

---

[6] In his motion to remand, Plaintiff asserts that the Supreme Court of Virginia has not issued an opinion stating that MERS, as the beneficiary under a deed of trust, has the authority to substitute trustees. This fact may be so, but it does not negate the considered analysis conducted by the many other courts that have taken up this issue. While a ruling by the Supreme Court of Virginia in this regard would certainly be persuasive, the absence of one does not serve to buttress Plaintiff's allegations as he seems to suggest.

11

entitled to greater than fifty percent of the obligations due under the note. But Plaintiff, who signed the deed of trust, knew that MERS also served as the lender's nominee, and that the deed of trust further authorized MERS to act on behalf of the lender to initiate foreclosure of the property in the event of a default. *See Tapia*, 718 F. Supp. at 697 n.21; *Pazmino*, 2010 WL 2039163, at *4 n.13; *Graves*, 2011 Va. Cir. LEXIS 97, at *9–10. Moreover, § 55-59(9) does not preclude the parties to a deed of trust from effectively contracting around the provisions of that subsection. In other words, § 55-59(9) should not be read to mean that *only* the party secured by the deed of trust may appoint substitute trustees when the borrower has otherwise consented to the secured party's nominee performing those actions required of the secured party. Therefore, Plaintiff's argument that § 55-59 prohibited MERS from substituting trustees to institute foreclosure proceedings carries no weight. It is clear that MERS possessed the authority to do so, and as such, Plaintiff cannot state a quiet title claim against MERS. Accordingly, MERS shall be dismissed as fraudulently joined.

### B. ALG is a Fraudulently Joined Defendant

In his motion to remand, Plaintiff claims that he is seeking in Count I of his complaint a declaratory judgment that ALG was not a properly appointed trustee with the ability to conduct a foreclosure sale on Plaintiff's home. However, in Count I, Plaintiff does not even mention ALG; rather, he requests a judgment declaring that BAC had no authority to foreclose on Plaintiff's home because, according to Plaintiff, BAC has no right, title, or interest in the subject note or deed of trust. Presumably, Plaintiff included ALG in Count I because ALG, as one of the substitute trustees, scheduled the foreclosure sale in April 2011 on behalf of BAC. Nevertheless, the fact remains that Plaintiff has not alleged any specific wrongdoing by ALG in Count I. When a court can discern no factual allegations of wrongdoing against a particular defendant, the

fraudulent joinder doctrine may apply to bar consideration of that defendant's citizenship for the purposes of testing diversity. *See, e.g.*, *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994) ("Failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party.").

In Count II, Plaintiff alleges that ALG breached its fiduciary duty by failing to ensure that the noteholder, BAC, was actually authorized to foreclose and by not verifying that MERS was authorized to appoint it as substitute trustee. It is true that a trustee like ALG is "the agent of both debtor and creditor." *Powell v. Adams*, 179 Va. 170, 174, 18 S.E.2d 261, 263 (1942). Accordingly, "[i]t is incumbent upon [the trustee] to act toward each with perfect fairness and impartiality." *Id.* Extrapolating from this duty of fairness and impartiality, Plaintiff argues that trustees are fiduciaries for both the debtor and creditor. In support of this notion, Plaintiff cites *Rohrer v. Strickland*, 116 Va. 755, 759, 82 S.E. 711, 712 (1914) (citing *Wilson v. Wall*, 99 Va. 353, 353, 38 S.E. 181, 181 (1901)). However, neither *Rohrer* nor *Wilson* mentions fiduciary duties. Moreover, Plaintiff has cited no additional authority for his assertion that there is a common law fiduciary duty owed to borrowers by trustees. In fact, under Virginia law, "'[t]he powers and duties of a trustee in a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts.'" *Warner v. Clementson*, 254 Va. 356, 361, 492 S.E.2d 655, 657 (1997) (quoting *Powell*, 179 Va. at 174, 18 S.E.2d at 263)[7]; *see also Carter v. Countrywide Home Loans, Inc.*, Civil No. 3:07CV651, 2008 WL 4167931, at *11 (E.D. Va. Sept. 3, 2008) (dismissing claim for breach of fiduciary duty against trustee because

---

[7] Plaintiff argues that *Warner* is sufficiently distinguishable such that Defendants cannot rely upon it. In *Warner*, the Supreme Court of Virginia held that no fiduciary duty is owed to a guarantor by a trustee under a deed of trust. 254 Va. at 361, 492 S.E.2d at 657. Plaintiff is correct that the precise issue in the case at hand is whether a trustee under a deed of trust owes the borrower a fiduciary duty to ascertain that the entity invoking the foreclosure sale is the secured party. Nevertheless, the *Powell* court's principle, quoted in *Warner*, that trustees' duties are generally limited and defined by the instrument under which they act is sound, regardless of the factual dissimilarities between the instant case and *Warner*.

plaintiffs' "claim fail[ed] to set forth any fiduciary duties arising pursuant to the deed of trust"); *Preston v. Johnson*, 105 Va. 238, 238, 53 S.E. 1, 1, (1906) (stating that it is well-settled that a trustee, in executing a trust, "must in all material particulars substantially conform to the stipulations of the deed").

In the case at hand, the deed of trust spells out on page twelve the powers and duties of the trustee with respect to the sale of the property following the initiation of foreclosure. There is no duty (labeled fiduciary or otherwise) found in the deed of trust requiring the trustee to ensure that the noteholder—that is, the entity invoking the sale—is the secured party with authority to foreclose. For these reasons, I find that Plaintiff could not prevail against ALG on Count II. *See Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 53 (5th Cir. 2008) (finding in-state trustee was fraudulently joined by plaintiff who could not establish a cause of action against trustee for breach of fiduciary duty in home foreclosure case).

Finally, I find that Plaintiff has failed to set forth a sufficient basis for recovery against ALG in its quiet title claim in Count III. According to Plaintiff, if MERS was not a secured party or noteholder when it appointed ALG as a substitute trustee, the Substitution of Trustee(s) should be stricken from the land records, thus "affecting ALG's rights." However, as has already been explained, MERS *did* have authority to appoint ALG as a substitute trustee because the deed of trust provides MERS with authority to act as nominee of the secured party. Therefore, just as Plaintiff cannot proceed against MERS under Count III, he cannot proceed against ALG under that count for essentially the same reasons.

Because there is no reasonable basis to predict that Plaintiff can prevail in state court against ALG on any of the three counts, ALG must also be dismissed as a defendant and its citizenship must accordingly be disregarded for diversity purposes. *See Wygal v. Litton Loan*

14

*Serv. LP*, 5:09-cv-00322, 2009 WL 2524701, at *5 (S.D.W. Va. Aug. 18, 2009) (holding that plaintiff's naming of an in-state trustee as a defendant in an action challenging a creditor's authority to foreclose does not defeat diversity jurisdiction and constitutes fraudulent joinder where there is no possibility of recovery against the trustee).[8]

### C. Effect of MERS and ALG Not Joining Defendants' Notice of Removal

In a brief footnote at the end of his motion to remand, Plaintiff argues that even if the parties are found to be completely diverse, remand is still necessary because ALG and MERS did not file their own notices of removal or affirmatively join the notice of removal filed by BAC and ReconTrust. In support of this argument, Plaintiff cites *Payne v. Brake*, No. Civ.A. 305CV00052, 2006 WL 197110 (W.D. Va. Jan. 24, 2006). In that case, I granted the plaintiff's motion to remand, in effect because not all of the defendants had joined in the case's removal. *Id.* at *1.

As a general matter, unless the time limitation set forth in 28 U.S.C. § 1446(b) has been waived, it is true that all defendants must timely file a notice of removal from state court or join in a notice of removal filed by a co-defendant. *See id.* However, "fraudulently joined defendants are not required to consent to a co-defendant's notice of removal." *Shaffer v. Nw. Mut. Life Ins. Co.*, 394 F. Supp. 2d 814, 819 (N.D.W. Va. 2005); *see also McKinney v. Rodney C. Hunt Co.*, 464 F. Supp. 59, 62 (W.D.N.C. 1978) ("A caveat to the general rule [of unanimous consent to removal] is that nominal or formal parties . . . and defendants fraudulently joined may be disregarded . . . ."). Therefore, *Payne* is inapposite because the doctrines of fraudulent joinder

---

[8] As previously mentioned, BAC and ReconTrust also argue in their notice of removal and brief in opposition to Plaintiff's motion to remand that the citizenship of MERS and ALG can be ignored for the alternative reason that they are nominal parties. When a district court is conducting an inquiry into diversity jurisdiction, "nominal" or "formal" parties that have been joined are to be disregarded and only "real parties to the controversy" are considered relevant. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980). However, in this case, I decline to address whether MERS and ALG are nominal parties. Indeed, such an analysis is unnecessary; because MERS and ALG have been fraudulently joined, they must be dismissed, and their citizenship must be ignored for the purposes of determining whether the Court has diversity jurisdiction over this action.

and nominal parties were not considered in that case. Despite the fact that MERS and ALG did not file their own notices of removal or join the one filed by BAC and ReconTrust, remand is not necessitated because unanimous consent is not required for parties believed to be fraudulently joined or nominal.

### D. Jurisdiction is Proper

Because Defendants have met their burden of demonstrating that MERS and ALG are fraudulently joined parties, the citizenship of those two entities must be disregarded. The parties that remain are completely diverse: Plaintiff is a citizen of Virginia, BAC is a citizen of North Carolina, and ReconTrust is a citizen of California. Further, as previously mentioned, there is no dispute that the amount in controversy requirement has been satisfied with respect to the remaining parties. Therefore, the requirements of 28 U.S.C. § 1332 have been satisfied and removal of the case from state court was proper.

### IV. Conclusion

For the reasons stated herein, Plaintiff's motion to remand shall be denied. ALG Trustee, L.L.C. and Mortgage Electronic Registration Systems, Inc. shall be dismissed as Defendants in this action.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this __30th__ day of December, 2011.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE